IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2060-D

| | |
|---|---|
| JAMES EDWARD BRIDGES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROY COOPER, Attorney General of ) | |
| North Carolina, ) | |
| ) | |
| Respondent. ) | |

James Edward Bridges ("petitioner" or "Bridges"), a state inmate, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 30, 2010, Roy Cooper ("respondent") filed a motion to substitute party respondent [D.E. 7] and a motion to dismiss the complaint as untimely [D.E. 8]. On July 1, 2010, and the court notified Bridges of his right to respond [D.E. 10]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On July 20, 2010, Bridges filed a response in opposition to the motion to dismiss [D.E. 11]. As explained below, the court grants respondent's motion to dismiss and denies as moot respondent's motion to substitute party respondent.

I.

On September 15, 2003, in Cumberland County Superior Court, Bridges pleaded guilty to first-degree murder, first-degree rape, financial card transaction theft, breaking and entering a motor vehicle, and misdemeanor larceny. See Resp.'s Mem. Supp. Mot. Dismiss, Ex. 1 (transcript of plea). Bridges was sentenced to life imprisonment without parole. See Resp.'s Mem. Supp. Mot. Dismiss, Ex. 2 (judgment and commitment form). Bridges did not appeal.

On July 31, 2008,[1] Bridges filed a pro se motion for appropriate relief ("MAR") in Cumberland County Superior Court. Resp.'s Mem. Supp. Mot. Dismiss, Ex. 3. On March 17, 2009, the court summarily denied the MAR. Resp.'s Mem. Supp. Mot. Dismiss, Ex. 4. On May 20, 2009, Bridges filed a pro se certiorari petition in the North Carolina Court of Appeals concerning his MAR. Resp.'s Mem. Supp. Mot. Dismiss, Ex. 5. On July 7, 2009, the North Carolina Court of Appeals denied the certiorari petition. Resp.'s Mem. Supp. Mot. Dismiss, Ex. 7. On July 16, 2009, Bridges filed a pro se notice of appeal in the North Carolina Supreme Court, which the court dismissed on January 28, 2010. Resp.'s Mem. Supp. Mot. Dismiss, Exs. 8–9.

On March 25, 2010, Bridges filed this habeas petition [D.E. 1]. Bridges alleges that: (1) his constitutional rights were violated because the prosecutor "elevated this case to capital based on a charge (first degree rape) that he would not have been able to prove in trial" and then offered Bridges "a plea for life in exchange for declaring the case non-capital" and did not provide a factual basis for the plea, and defense counsel "coerced" Bridges into taking the plea by fraudulently telling him he would get the death penalty or two life sentences; (2) his conviction of first-degree rape was obtained with insufficient evidence in violation of his constitutional rights; and (3) he received ineffective assistance of counsel because counsel failed "to engage in the adversarial process even though there was . . . a reasonable expectation of success" and coerced him into taking the plea by misinforming him about possible outcomes at trial. See Pet. ¶ 12.

---

[1] Bridges's MAR is dated July 31, 2008, but was filed on August 4, 2008, in Cumberland County Superior Court. See Resp.'s Mem. Supp. Mot. Dismiss, Exs. 3–4. Giving Bridges the benefit of the prison mailbox rule, and construing the record in the light most favorable to Bridges, the court will consider Bridges's MAR as filed on July 31, 2008. See Houston v. Lack, 487 U.S. 266, 275–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam). Additionally, the court will use the prison mailbox rule in construing the filing date for Bridges's other pleadings.

2

## II.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, or bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss filed in a section 2254 proceeding "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true.'" Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quoting Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009)). A party also may use a motion under Rule 12(b)(6) to test whether petitioner complied with the one-year statute of limitations for section 2254 petitions. In ruling on a motion to dismiss, the court may consider the record of the state habeas proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See, e.g., Walker, 589 F.3d at 139.

Respondent contends that the petition should be dismissed because the one-year statute of limitations has run. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

3

a person in custody pursuant to the judgment of a state court must file any petition for a writ of habeas corpus within one year. See 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action . . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitation period under section 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 & n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is "pending" from initial filing in the state courts until final disposition in the state courts. See Taylor, 186 F.3d at 561. The period between the time a petitioner's conviction becomes final and the time that a petitioner files a state application for post-conviction relief counts against the one-year period of limitation. See, e.g., Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). The statutory period then resumes after the state court of appeals denies a petitioner's certiorari petition. See Hernandez, 225 F.3d at 438–39.

Initially, the court must determine when Bridges's judgment became final. See 28 U.S.C.

4

§ 2244(d)(1)(A). Because Bridges did not seek review in the North Carolina Court of Appeals, his conviction became final no later than September 29, 2003, when the 14-day time period to file his notice of appeal expired. See N.C. R. App. P. 4(a)(2) (notice of appeal may be filed within 14 days of judgment); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Thus, Bridges's one-year period of limitations began to run on September 30, 2003, and ran for 365 days until September 29, 2004. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Bridges's July 31, 2008 MAR did not serve to reopen his time for filing a habeas petition. See Minter, 230 F.3d at 665 ("Although the period of time that Minter spent pursuing state post-conviction relief is excluded from the one year limitation period, see 28 U.S.C. § 2244(d)(2), more than one year had otherwise elapsed from April 24, 1996 until he filed his § 2254 petition."). Therefore, absent tolling, Bridges's petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Unfamiliarity with the legal process, lack of representation, or even illiteracy do not

5

constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam). Likewise, a mistake of counsel does not serve as a ground for equitable tolling. See, e.g., Harris, 209 F.3d at 330–31; Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (unpublished).

Bridges blames his failure to timely file this petition entirely on his trial counsel, who he says did not inform him of the time for filing a federal habeas petition. See Petr.'s Opp. Mot. Dismiss at 4–5. The argument, however, fails. As Judge Davis recently explained:

> [W]hile it is true that a criminal defendant is entitled to be informed of his right to file a direct appeal, and entitled to counsel during the direct appeal, Miller v. Smith, 115 F.3d 1136, 1143 (4th Cir. 1997), "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). Carrying this logic further, if there is no right to counsel in pursuing a habeas petition, then there is no right to be advised by counsel, appointed for the purpose of a criminal proceeding, to pursue a collateral attack. See Wesley v. Cain, 2009 WL 3190693, at *2 (E.D. La. Sept. 30, 2009) ("[A]ppointed appellate counsel had no specific duty to advise [petitioner] of the § 2244(d) statutory time period and neither petitioner's pro se status nor his ignorance of the AEDPA constitute exceptional circumstances justifying the application of equitable tolling.").

Smith v. Johnson, No. 2:10cv81, 2010 WL 3063144, at *1 (E.D. Va. Aug. 3, 2010) (unpublished). Accordingly, Bridges has failed to satisfy the "extraordinary circumstances" necessary for equitable tolling. Because Bridges's petition is time-barred, his petition is dismissed.

### III.

As explained above, respondent's motion to dismiss [D.E. 8] is GRANTED, and respondent's motion to substitute party respondent [D.E. 7] is DENIED AS MOOT. Petitioner's application for habeas-corpus relief is DISMISSED as time-barred. The court DENIES a certificate of appealability. The Clerk of Court is DIRECTED to close this case.

6

SO ORDERED. This 22 day of February 2011.

                                                JAMES C. DEVER III
                                                United States District Judge